**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**MARCUS D. BISHOP,
# 21444-031,**

**Petitioner,**

     **vs.**

**JAMES CROSS, Jr.,**

**Respondent.**                       **Case No. 15-cv-1119-DRH**

**<u>MEMORANDUM AND ORDER</u>**

**HERNDON, District Judge:**

Petitioner Marcus Bishop is currently incarcerated in the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"). On October 9, 2015, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("original petition") (Doc. 1) in this District. The original petition was not signed, so this Court ordered Bishop to file a properly signed petition by November 17, 2015. (Doc. 2).

Bishop's signed amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 followed on October 21, 2015 ("amended petition"). (Doc. 4). In it, he challenges his enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2), based on the Supreme Court's recent decision in *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551, 2557 (2015). *See United States v. Jackson, et al.*, Case No. 11-cr-10161-JTM (D. Kan. 2011) ("criminal case").

The amended petition is now before this Court for preliminary review.[1] (*Id.*).  Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  The amended petition is now subject to dismissal.

## I.   <u>Background</u>

On August 14, 2011, Bishop and three others were indicted for bank robbery, in violation of 18 U.S.C. § 2113(a).  *United States v. Jackson, et al.*, Case No. 11-cr-10161-JTM (D. Kan. 2011) ("criminal case").[2]  (Doc. 4, p. 4).  Bishop was charged with one count of bank robbery, as well as aiding and abetting a bank robbery, in a superseding indictment on September 11, 2011.  18 U.S.C. §§ 2113(a), and 2.  (Doc. 12, criminal case).  On March 15, 2012, he entered into a written plea agreement, in which he agreed to plead guilty to aiding and abetting, in violation of §§ 2113(a) and 2.  (Doc. 101, criminal case).  His guilty plea was accepted, and on July 5, 2012, Bishop was sentenced to 84 months

---

[1] The amended petition (Doc. 4) supersedes and replaces the original (Doc. 1), rendering the original petition **VOID**.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).

[2] In order to determine Bishop's criminal and litigation history, the Court reviewed the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov).  *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n. 2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).  Court documents are, of course, public records of which the Court can take judicial notice.  *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

imprisonment, followed by 3 years of supervised release.  (Doc. 134, criminal case).   He was ordered to pay a $100 assessment and $4,338 in restitution. Judgment was entered the following day (Doc. 135, criminal case).  Bishop did not appeal his conviction or sentence.

 On June 24, 2014, Bishop filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  *Bishop v. United States*, Case No. 14-cv-01189-JTM (D. Kan. 2014) ("collateral attack") (Doc. 1).   He challenged the predicate offenses used to enhance his sentence under *Descamps v. United States*, 133 S. Ct. 2276 (2013).   On November 6, 2014, the United States District Court for Kansas denied the § 2255 motion on three grounds.  (Doc. 142, criminal case). First, the district court found that the § 2255 motion was time-barred under § 2255(f), and the exception to the one-year statute of limitations for § 2255 motions was not triggered by *Descamps* because the Supreme Court did not make that case retroactive. (*Id.*).  Second, even if the Supreme Court made *Descamps* retroactively applicable, it did not compel the district court to reach a different conclusion in Bishop's case.  Third, Bishop waived any challenge to his sentence under his written plea agreement.  (*Id.*).  The amended § 2241 petition followed. (Doc. 4).

## II.    Amended Habeas Petition

In the amended petition, Bishop again challenges his enhanced sentence under the ACCA.  Relying on the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), Bishop argues that one of his

prior state convictions[3] no longer qualifies as a "violent felony" under the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii).  (Doc. 4, pp. 2, 5).

Before commencing this habeas action, Bishop admits that he did not file an application for permission to bring a second or successive § 2255 motion with the United States Court of Appeals for the Tenth Circuit.  But he insists that this Court must "respect . . . [his] choice of statute to invoke his collateral attack, whether it is § 2241 or § 2255, and resolve the case under that law."  (Doc. 4, pp. 2-3).   Consistent with this argument, he asks that the Court not re-characterize his petition as a § 2255 motion or deny it as a second or successive § 2255 motion.  (*Id.*).

### III.   <u>Discussion</u>

**A.   Applicable Legal Standard**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in a conviction or sentence, but are limited to challenges regarding the execution of a sentence.  *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).   A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court that sentenced him.   A § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction."   *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

The statute generally limits a prisoner to *one* challenge under § 2255.

---

[3] It is not altogether clear which prior state conviction Bishop is challenging, as the amended petition refers to a conviction for bank robbery (Doc. 4, p. 2) and for burglary of a dwelling (doc. 4, p. 5).

A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).

Under limited circumstances, a prisoner may challenge his conviction or sentence under § 2241.  Section 2255(e) contains a "savings clause" that authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), and its progeny.

In order to fit within the savings clause, three conditions must be satisfied. First, a petitioner must show that he relies on a new statutory interpretation case rather than a constitutional case.  Second, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* the new rule must apply retroactively.  Last, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

**B.    Analysis**

Bishop relies entirely on *Johnson* in bringing the instant challenge to his sentence. *Johnson,* 135 S. Ct. 2551 (2015).  The Supreme Court in *Johnson* held that imposing an increased sentence under the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), violates due process because the residual clause is unconstitutionally vague. *Id.* But *Johnson* does not open the door to relief under § 2241 at this time.

On August 4, 2015, the Seventh Circuit held that *Johnson* announces a new substantive rule of *constitutional* law that is retroactively applicable in a collateral attack on a final conviction, and the Seventh Circuit granted a prisoner's request to file a second or successive § 2255 petition on the basis of *Johnson*. *See Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015) (authorizing prisoner to file successive § 2255 petition because "*Johnson* announces a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions").  *Price* indicates that a motion filed pursuant to § 2255 is the primary vehicle for seeking relief based on *Johnson*. *Id.*; *Stork v. United States*, No. 15-2687, 2015 WL 5915990, at *1 (7th Cir. Aug. 13, 2015) (citing *Price* and authorizing district court to consider second or successive § 2255 petition based on *Johnson* argument).

Bishop admits that he did not first seek permission to file a second or successive § 2255 motion in the Tenth Circuit before turning to this Court for relief under § 2241.  Instead, he insists that this Court must respect his right to

choose § 2255 or § 2241.   (Doc. 4, p. 3).   Although the Court will not re-characterize a § 2241 petition as a § 2255 motion, Bishop is not relieved of the obligation to first seek permission to file a second or successive § 2255 motion and pursue that avenue to relief before turning to this Court under § 2241. *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007) ("judges must respect the plaintiff's choice of statute to invoke-whether § 2241, § 2255, or 42 U.S.C. § 1983-and give the action the treatment appropriate under the law").

Even if he had done so, however, Bishop would still not be entitled to relief under § 2241.   This is because the first *Davenport* requirement is not satisfied. *Johnson* is not a new statutory interpretation case.   *Johnson* announces a new rule of *constitutional* law.   *See Price v. United States*, 795 F.3d at 732.   Therefore, it cannot provide a basis for relief under § 2241.   *See Brown*, 719 F.3d at 586; *Bailey v. Cross*, No. 15-cv-819-DRH, 2015 WL 5173525, at *2 (S.D. Ill. Sept. 2, 2015).   Accordingly, Bishop does not qualify to use the "savings clause" under § 2255(e), and his amended petition must be dismissed without prejudice.

If Bishop decides to pursue relief under § 2255, he must seek permission to file a second or successive § 2255 motion with the Tenth Circuit Court of Appeals, which is the federal court of appeals of the circuit where he was sentenced.   *See* 28 U.S.C. § 2244(b)(3).   This Court expresses no opinion regarding the merits or outcome of an application filed in the Tenth Circuit. *But see In re Gieswein*, No. 15-6138, 2015 WL 5534388, at *3 (10th Cir. Sept. 21, 2015) (denying prisoner's application for permission to file second or successive

motion to vacate sentence after holding that *Johnson*, although announcing a new rule of constitutional law, is not retroactively applicable).  Bishop should note that 28 U.S.C. § 2255(f)(3) requires that a § 2255 motion relying on a newly recognized right must be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court."  *Id.  Johnson* was decided by the Supreme Court on June 26, 2015.  The one-year period prescribed by § 2255(f)(3) runs from the date of the Supreme Court's ruling initially recognizing the right asserted, and not from the date that the right was found to be retroactive.  *Dodd v. United States*, 545 U.S. 353, 357 (2005).

## IV.   Disposition

**IT IS HEREBY ORDERED** that the original petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), which was superseded and replaced by the amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 4) is **DISMISSED** as **VOID**.

**IT IS FURTHER ORDERED** that, for the reasons stated above, the amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 4) is **DISMISSED without prejudice**.  The **CLERK** is **DIRECTED** to **CLOSE** this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, his notice of appeal must be filed with this court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1(A).  A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).

If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.   *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under § 2241.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:   11/12/2015**

Digitally signed by Judge David R. Herndon
Date: 2015.11.12 11:20:03 -06'00'

**District Judge**